United States District Court
Southern District of Texas
**ENTERED**
October 13, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| YOSIEL AGUILERA GODOY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-1096 |
| | § | |
| WARDEN, PORT ISABEL DETENTION CENTER, | § | |
| | § | |
| | § | |
| Respondent. | § | |

**ORDER**

Petitioner Yosiel Aguilera Godoy is currently detained by Immigration and Customs Enforcement at the Port Isabel Service Processing Center in Cameron County, Texas. Although he does not render clear the statutory authority on which Respondents maintain him in immigration custody, Petitioner contests Respondents' ability to detain him without a bond hearing.

Petitioner alleges that "ICE attempted to remove [him] to Mexico on two separate occasions; however, Mexican authorities refused to accept [him] and returned [him] to the United States because of serious medical concerns[.]" (Pet., Doc. 1, 8) And he alleges that his "continued detention places [his] health and well-being at risk[,]" because his medical conditions "require ongoing treatment and monitoring[.]" (*Id.*) The Court construes these allegations as a claim challenging the conditions of his confinement.

"Typically, habeas is used to challenge the fact or duration of confinement, and 42 U.S.C. § 1983 is used to challenge conditions of confinement." *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017). Courts have denied habeas petitions that challenged the conditions of their confinement and requested additional medical care. *See, e.g.*, *Hernandez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990) (explaining that injunctive relief to rectify claims of overcrowding, denial of medical treatment, and access to a law library "is not a proper subject for a habeas corpus

petition"); *Rosa v. McAleenan*, 583 F. Supp. 3d 850, 873 (S.D. Tex. 2019); *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) ("If a favorable determination ... would not automatically entitle [the detainee] to accelerated release, ... the proper vehicle is a [civil rights] suit."). To the extent that Petitioner alleges a civil rights violation within the instant habeas action, the same result applies here.

To facilitate the Court's consideration of the issues that Petitioner presents, it is:

**ORDERED** that by no later than November 3, 2026, Respondents shall file a response to the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1), and within the response, address the basis of Petitioner's detention.

The Clerk of Court is directed to serve a copy of this Order upon Respondents in accordance with the Memorandum of Understanding.

Signed on October 13, 2026.

Fernando Rodriguez, Jr.
United States District Judge